**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-7441**

---

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

BERNARD GIBSON,

                                        Defendant - Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Peter J. Messitte, District Judge.  (CR-94-454-PJM; CA-04-4512-PJM)

---

Submitted:  November 18, 2004        Decided:  December 1, 2004

---

Before LUTTIG and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

Bernard Gibson, Appellant Pro Se.  Stuart A. Berman, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Bernard Gibson, a federal prisoner, seeks to appeal the district court's order construing his motion filed under Fed. R. Civ. P. 60(b), as a second or successive motion under 28 U.S.C. § 2255 (2000), and dismissing it for lack of jurisdiction. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000); see Reid v. Angelone, 369 F.3d 363, 368-69, 374 n.7 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Gibson has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Gibson's notice of appeal and informal brief on appeal as an application to file a second or successive § 2255 motion. See United States v. Winestock, 340 F.3d 200, 208 (4th Cir.), cert. denied, 124 S. Ct. 496 (2003). In order

- 2 -

to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense. 28 U.S.C. §§ 2244(b) (2000); 28 U.S.C. § 2255 ¶ 8. Gibson's claims do not satisfy either of these conditions. Therefore, we decline to authorize Gibson to file a successive § 2255 motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED